UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BRYAN RANKIN, | : Case No. 1:25-cv-612 |
| Petitioner, | : |
| vs. | : District Judge Susan J. Dlott |
|  | : Magistrate Judge Elizabeth P. Deavers |
| KENNETH W. DICK, | : |
| Respondent(s). | : |

## ORDER and REPORT AND RECOMMENDATION

Petitioner Bryan Rankin seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on Petitioner's second motion for a preliminary injunction. (Doc. 19). The Undersigned **RECOMMENDS** the motion be **DENIED**.

Petitioner challenges his conviction and sentence for interference with custody following a jury trial in Adams County, Ohio. (Doc. 1). In his second motion for injunctive relief, Petitioner argues the state trial court refused to give him jail time credit for the days he spent held on a bench warrant for failing to appear for his sentence enforcement hearing. According to Petitioner, he was sentenced to serve 120 days in jail followed by probation, but because the trial court did not award credit for the time he was held on the failure to appear warrant, he will serve a total of 216 days. Petitioner also states he is actually innocent of the underlying crime of interference with custody. (Doc. 19, at PageID 911).

Although Petitioner frames his motion as one seeking preliminary injunctive relief, the Court once again construes his motion as a request for bail pending disposition of his habeas corpus petition. *See Creasy v. Fink*, Case No. 3:22-cv-00035, 2022 WL 989095, at *3 (M.D. Tenn. Mar.

31, 2022) (noting that "a habeas petitioner's motion for release from prison pending the disposition of his habeas corpus petition, if invoking the standard for obtaining preliminary injunctive relief, may properly be construed as 'a request for enlargement on bail pending resolution of the petition,' to be 'evaluate[d] . . . under the applicable standard for that type of motion rather than the preliminary-injunction standard'") (quoting *Rowell v. Palmer*, No. 3:10-cv-00098-LRH, 2011 WL 3502371, at *1 (D. Nev. Aug. 9, 2011)).

A federal court has authority to grant bail to a habeas petitioner pending a decision on the merits of the petition, but such relief is reserved for the extraordinary case. *See Dotson v. Clark*, 900 F.2d 77, 78-79 (6th Cir. 1990); *Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021). To be admitted to bail, a petitioner must show a substantial claim of law based on the facts surrounding the petition, as well as the existence of some exceptional circumstances deserving of special treatment in the interest of justice. *Dotson*, 900 F.2d at 79. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and commonsense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded on other grounds by statute*. *See also Dotson*, 900 F.2d at 79 (noting there will be "few occasions" where a petitioner will meet this standard).

"Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). However, the presumption fades upon conviction, with the State acquiring a substantial interest in executing its judgment. *Id*. This combination of factors dictates a "formidable barrier" for prisoners seeking interim release while they pursue their collateral remedies. *Id*. Therefore, in the absence of exceptional circumstances, courts will not grant bail prior to final decision on the merits unless the petitioner

demonstrates not merely a clear case on the law, but also a clear and readily evident case on the facts. Even where the Court concludes that a petition raises a substantial question of law, "[m]erely to find that there is a substantial question is far from enough." *Lee*, 989 F.2d at 871 (quoting *Glynn*, 470 F.2d at 98).

The Court is sympathetic to the fact that Petitioner is serving a short sentence. However, although a full analysis of the merits of Petitioner's habeas petition is pending, a preliminary review of his pleadings suggests he has neither raised substantial questions of law nor made a strong showing of actual innocence. Petitioner has not provided evidence of any favorable treatment of his claims. In fact, an initial review of his Petition indicates that at least some of his claims may be procedurally defaulted, because Petitioner failed to file an appellate brief with Ohio's Fourth District Court of Appeals, resulting in the dismissal of his direct appeal. (*See* Judgment Entry, Doc. 16 at PageID 807). Other claims appear unexhausted. Petitioner's claim of actual innocence is conclusory.

Additionally, Petitioner's prior failure to appear for his sentence enforcement hearing after being granted bond to pursue state appeals weighs against his release. *See Jones v. Eller*, No. 22-5143, 2023 WL 5499856 (6th Cir. May 9, 2023) ("As the district court noted, Jones's prior failure to appear weighs against his release.") (citing *Pouncy*, 993 F.3d at 463-64 (prior failure to comply with conditions of release proper basis for denying bail).

For these reasons, Petitioner' motion, (Doc. 19), should be **DENIED**. The Court will however **GRANT** Petitioner an extension of time to file his Traverse. The Traverse shall be filed on or before November 3, 2025.

**IT IS SO ORDERED.**

October 8, 2025                                         *s/ Elizabeth A. Preston Deavers*
                                                                                            ELIZABETH A. PRESTON DEAVERS
                                                                                            United States Magistrate Judge

## **PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).