IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Bryan Rankin, | : | |
| | : | Case No. 1:25-cv-612 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Kenneth W. Dick, | : | Recommendation and Denying Motion |
| | : | for Injunctive Relief |
| Respondent. | : | |

Bryan Rankin filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Habeas Petition") alleging that his conviction in Ohio for interference with custody was obtained in violation of his constitutional rights. (Doc. 1.) He also filed a Motion for Injunctive Relief asking this Court to order the Ohio court to give him credit for time he spent in a Kentucky jail on a bench warrant awaiting extradition. (Doc. 9.) Magistrate Judge Elizabeth Preston Deavers issued a Report and Recommendation recommending that the Court deny Rankin's Motion. (Doc. 20.) While the Report and Recommendation was pending, Rankin filed a Motion for Expedited Ruling on Preliminary Injunction. (Doc. 25.) For the reasons below, the Court will **ADOPT** the Report and Recommendation, and **DENY** the Motion for Injunctive Relief, and **DENY AS MOOT** the Motion for Expedited Ruling.

**I.      STANDARD OF LAW**

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). A district judge is not required to independently review a report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). But some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## II.  ANALYSIS

Rankin moves this Court to order the Ohio sentencing court to give him jail time credit for the time he was held in a Kentucky jail on a bench warrant. (Doc. 19 at PageID 911.) He also asks the Court to allow him to expand the record to include a transcript from an Ohio court proceeding held on September 24, 2025. (*Id.* at PageID 912.)

The Magistrate Judge construed the Motion for Injunctive Relief as a request for bail pending disposition of the Habeas Petition. (Doc. 20 at PageID 917.) She recommended that the Court deny the Motion, and Rankin did not file objections. (*Id.* at PageID 918.) The Court finds no clear error in the Report and Recommendation, and in fact, the Court would rule the same under a de novo review. A prisoner seeking bail pending review of his habeas petition must, among other requirements, convince the district court that "exceptional circumstances and the interests of justice warrant relief." *Pouncy v. Palmer*, 993 F.3d 461, 463 (6th Cir. 2021) (internal

quotation and citation omitted). The Court agrees with the Magistrate Judge that Rankin has not met that high standard. The Court will not grant him bail pending review of the Habeas Petition.

As for Rankin's request for jail time credit, the Sixth Circuit has held that a petitioner has no constitutional right to receive jail time credit in one state court for time spent in another state's jail awaiting extradition. *Pernell v. Rose*, 486 F.2d 301, 301 (6th Cir. 1973). The Court will deny Rankin's request to order the Ohio court to give him jail time credit. Likewise, the Court will deny Rankin's request to expand the record to include a September 24, 2025 Ohio court hearing transcript about the jail time credit issue.

### III. CONCLUSION

For the reasons state above, the Report and Recommendation (Doc. 20) is **ADOPTED**, the Motion for Injunctive Relief (Doc. 19) is **DENIED**, and the Motion for Expedited Ruling (Doc. 25) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge