# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN RANKIN,

        Petitioner,    :        Case No. 1:25-cv-00612

  - vs -                            District Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

KENNETH W. DICK,
  Sheriff, Adams County, Ohio,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Bryan Rankin pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits and on Petitioner's most recent Motion for Injunction (ECF No. 29).

**Injunctive Relief**

Petitioner seeks immediate release on the grounds he is actually innocent. In part he relies on the Affidavit of Jordan Brackett (ECF No. 24). The Court has stricken that Affidavit for reasons explained at length in the Decision and Order (ECF No. 28). Moreover, a stand-alone claim of "actual innocence" is not as basis for habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993).

The Magistrate Judge respectfully recommends the Court deny the Motion for Injunction.

In the body of his Motion, Petitioner threatens that he will file a new motion for injunction every week until it is granted. This is abusive behavior on Petitioner's part and violates Fed.R.Civ.P. 11. Further like conduct may result in sanctions under that rule.

**Litigation History**

Petitioner Bryan Rankin, a resident of Kentucky, fathered a child with Amy Mahaffey, an Ohio resident. The volatility of their relationship reached a point where Ms. Mahaffey recommended Rankin obtain a parenting order form the Adams County, Ohio, juvenile court. When that court issued the order, it made Ms. Mahaffey the residential parent, subject to visitation rights in Mr. Rankin. The parenting order was subject to modification on agreement of the parties. The instant case arises out of their dispute of whether Mr. Mahaffey had agreed to allow Mr. Rankin custody of their daughter on July 31, 2023. When Mr. Rankin did not surrender custody on that date, Ms. Mahaffey sought assistance from the Sheriff of Adams County.

This case commenced with the filing of a criminal complaint charging Mr. Rankin with interference with custody in violation of Ohio Revised Code § Section 2919.23 (A)(l), a misdemeanor of the first degree under Ohio law, carrying a maximum penalty of 180 days in jail and a fine of $1,000 (State Court Record, ECF No. 16, Ex. 3). The Complaint was filed August 16, 2023, and apparently was not accompanied by an arrest warrant in that Mr. Rankin appeared for arraignment on September 11, 2023. *Id.* at Ex. 5[1]. The case was assigned to Adams County Court Judge Roy E. Gabbert, Jr., who presided throughout. Judge Gabbert advised Mr. Rankin of

---

[1] The Constitution does not require a finding of probable cause for the filing of a complaint and the issuance of a summons to appear to answer that complaint.

2

his right to counsel, but Rankin declined (Transcript, State Court Record, ECF No. 16, PageID 111). Mr. Rankin failed to appear for a pretrial conference on December 7, 2023. *Id.* at PageID 141. Judge Gabbert issued a bench warrant[2] which he later withdrew at the next pretrial conference on December 21, 2023. *Id.* at Ex. 8. Mr. Rankin again declined appointment of counsel and a proffered plea bargain for a minor misdemeanor on which Judge Gabbert projected a likely fine of $25.00.

A final pre-trial hearing was set for April 2, 2024, but Mr. Rankin filed an Affidavit of Disqualification as to Judge Gabbert (State Court Record, ECF No. 16, Exs. 11 and 12).After that and several more Affidavits of Disqualification were denied, the case proceeded to jury trial on June 20, 2024, and Mr. Rankin was convicted as charged (Transcript of Jury Trial, State Court Record, ECF No. 16, Ex. 19). On July 25, 2024, he was sentenced to 180 days imprisonment with sixty days suspended. *Id.* at Ex. 23. Judge Gabbert then stayed execution of the sentence pending appeal. *Id.* at Ex. 26.

After appealing to the Fourth District Court of Appeals, Mr. Rankin filed a Memorandum Supporting Appeal Errors, but not an appellate brief. *Id.* at Ex. 27. That court, through a Magistrate, ordered him to show cause why his appeal should not be dismissed for failure to file a brief. *Id.* at Ex. 30. In response Mr. Rankin asked for appointment of counsel, but refused to complete an application showing indigency that Ohio appellate courts require. *Id.* Exs. 33, 34. Eventually the Fourth District dismissed the appeal for failure to file a brief. *Id.* at Ex. 36. Mr. Rankin sought review in the Ohio Supreme Court, but that court declined to exercise jurisdiction. *Id.* at Ex. 40.

At the time he filed his Petition in this case, Mr. Rankin gave his address as being in

---

[2] Judge Gabbert plainly had probable cause to issue the bench warrant (sometimes called a capias) because he could observe Mr. Rankin's failure to appear with his own eyes.

Hazard, Kentucky (Petition, ECF No. 1, PageID 16).  However apparently prior to filing his Traverse, he was extradited to Ohio (Traverse, ECF No. 22, at PageID 953 showing return address of the Athens County Jail).  Respondent Sheriff Dick acknowledges having custody (Answer, ECF No. 17).

The Petition pleads the following grounds for relief[3]:

> **Ground One:**  States witness committed perjury 3 times knowingly. This interferes with right to fair tribunal under due process clause in the 14th Amendment.
>
> **Supporting Facts:**  The states witness perjured her testimony and the state knew she was going to do this. The states witness agreed in writing to allow petitioner to keep his daughter on one specific day and the visitation order permits arranged agreements outside the court order. In another case the witness stated under oath she no longer had the phone that contained certain text (evidence) during the trial she told the jury that she did still have the phone. This is a knowingly false statement. In another statement the states witness claimed she never made an arrangement with The petitioner and the proof shows this is false as it does the other statements.
>
> **Ground Two:**  In this criminal case at the trial, sentencing, and on appeal the petitioner was not granted any counsel. This is an obvious violation of the 6th Amendment.
>
> **Supporting Facts:**  The petitioner never waived his rights to court appointed counsel in the criminal proceedings. Rankin did decline counsel before trial for purposes of trial but not knowingly and intelligently. Rankin was not aware of the state of Ohio taking advantage and during trial offering evidence of Rankins religion & prohibited acts as well as having to dispute perjured testimony that the judge would not let me offer evidence to refute such instances. Rankin asked for counsel on appeal but did not receive counsel and unfortunately his appeal was dismissed not on the merits.  Federal law requires a defendant not to serve jail time for misdemeanor when the defendant request for counsel but did not receive counsel.
>
> **Ground Three:**  Deprivation of 1st amendment & RF restoration Act 1993.

---

[3] Rather than clutter the text with "sic," the misspellings have been corrected.

4

>**Supporting Facts**:  The state's goal was to flame the passions of the jury in order to acquire a conviction by involving the petitioners religion that had absolutely zero relevance to the situation that was being argued. The state told the jury my religion was extreme as if it had anything to do with the interference with custody. The state of Ohio knew that a conviction was not leasable unless this trial was prejudiced towards the petitioner. They made me out to be a cult leader to prove interference with custody for 1 day that the witness agreed to in writing.
>
>**Ground Four:**  Violation of the 4th amendment, no warrant shall be issued unless supported by probable cause.
>
>**Supporting Facts:**  In this case there was no proper prefiling investigation completed before issuing the warrant to bring the petitioner to court proceedings over the matter of interference with custody. The petitioner and the states witness have a court order permitting agreed arrangements outside the court order. The states witness agreed to the 1 specific day at dispute. This agreement will be attached to this petition and or preliminary injunction. This is the arrangement made & authenticated by the states witness. The state had no probable cause to bring these charges against the petitioner if you consider the court visitation order& the agreement made by the states witness. This bring dangers to children and sound parents who follow the court order & agreements made by the domestic courts.

(Petition, ECF No. 1, PageID 5-10).

## Analysis

Respondent asserts that merits review of Mr. Rankin's claims is barred by his procedural default in presenting them to the Ohio courts (Answer, ECF No. 17, PageID 867).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

5

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule, Ohio R. App. P. 16, which prescribes the content of an appellant's brief. The Fourth District Court of Appeals enforced this rule by ordering Mr. Rankin to file a conforming brief and then dismissing his appeal for failure to comply (Judgment Entry, State Court Record, ECF No. 16, Ex. 36).

The adequacy of the state ground is determined by examining the State's legitimate interests in the procedural rule in light of the federal interest in considering federal claims. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)*, citing Henry v. Mississippi,* 379 U.S. 443, 446-48 (1965). The adequacy of a state procedural bar is itself a federal question. *Cone v. Bell,* 556 U.S. 449 (2009), *citing Lee v. Kemna*, 534 U.S. 362, 375 (2002); see also *Coleman v. Thompson*, 501 U.S. 722, 736 (1991). Ohio's interest in requiring certain information in appellate briefs is certainly

legitimate: it assists in producing a coherent body of appellate decisions for use by the bar and other courts in deciding cases. It parallels the practice in the federal courts and in other appellate courts throughout the country. The rule is also independent of federal law. It does not require different kinds of briefing or citations for federal issues.

With the analysis progressed to this point, the burden falls on Petitioner to show excusing cause and prejudice. In his Traverse Petitioner claims the cause was the refusal of the Fourth District to appoint an attorney (ECF No. 22, PageID 929). But that is not adequate excusing cause for at least two reasons.

First of all, the Fourth District declined to appoint counsel because Mr. Rankin would not prove his entitlement to appointment in accordance with standard practice in that court. Indigent criminal defendants are entitled to the assistance of appointed counsel on an appeal of right. *Douglas v. California*, 372 U.S. 353 (1963). But no court is obliged to accept an appellant's mere assertion he is too poor to afford counsel. Instead of completing the proof required by the Fourth District, Mr. Rankin insisted that the fact his trial transcript had been furnished without cost was enough and he refused to conform when told it was not.[4] Mr. Rankin has not shown the form was overly burdensome or that he was required to file it when others were not.

Secondly, Mr. Rankin has not demonstrated he could not prepare an appropriate appellate brief himself. He is proceeding *pro se* in this case, he tried the case to a jury without an attorney, and he even learned how to postpone the trial by filing an affidavit of disqualification against Judge Gabbert.

Later in his Traverse, Mr. Rankin invokes the concept of "actual innocence" to excuse his procedural defaults (ECF No. 22, PageID 943, *et. seq.).* While new evidence proving actual

---

[4] The reader of a certain age will recall Frank Sinatra's signature song, "My Way."

7

innocence will excuse a procedural default, Mr. Rankin's actual innocence claim consists of rearguing the merits of his custody claim. This is not new evidence, but is a reargument of the evidence presented to the jury on which he lost. Compare the new evidence presented successfully in *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Petitioner's Motion for an Injunction be3 denied and his Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 31, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.