# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN RANKIN,

                Petitioner,     :            Case No. 1:25-cv-00612

    - vs -                          District Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

KENNETH W. DICK,
  Sheriff, Adams County, Ohio,

                                :
              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Bryan Rankin pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations recommending denial of Petitioner's Motion for Injunction and dismissal of the Petition (the "Report," ECF No. 30). District Judge Dlott has recommitted the case for reconsideration in light of the Objections (ECF No. 32).

The Magistrate Judge reference in this case was transferred to the undersigned December 19, 2025, and the Report was filed December 31, 2025. Petitioner hypothesizes "it is reasonable to believe the Magistrate Judge did not thoroughly review the entire record or read the traverse." (Objections, ECF No. 31, PageID 1005). To the contrary, for the last twelve years of service on recall, the undersigned has, at the Court's request, spent his entire work time on habeas corpus cases and thus developed some expertise in analyzing these cases. Transfer of habeas corpus cases

1

from other Magistrate Judges is entirely at the discretion of the Court's Supervisory Death Penalty Law Clerk who closely monitors the habeas corpus workload of the Court and only transfers cases when she believes the undersigned has the "bandwidth" to deal with them promptly. So that the record is complete, I affirm that I did review the entire record and read the Traverse before filing the Report.

## Injunctive Relief

The Objections add nothing to the Report's analysis on injunctive relief, although Respondent has now filed a timely Memorandum in Opposition (ECF No. 33). The Magistrate Judge adheres to his prior recommendation that an injunction prohibiting further incarceration should be denied.

## Procedural Default

The Report recommends dismissal of the Petition upon a finding that Mr. Rankin's claims are procedurally defaulted because he did not properly present them to the Fourth District Court of Appeals in appellate brief in the form required by Ohio law. Petitioner does not dispute this finding, but says his procedural default is excused by a showing of cause and prejudice or a showing of actual innocence.

### Cause and Prejudice

Petitioner asserts he has shown good cause for failing to file an appropriate appellate brief because the Fourth District refused to appoint counsel. The Report considered this

2

excuse and found it was not good cause in that Mr. Rankin refused to complete the standard form to show indigence.  In his Objections Petitioner does not dispute that fact but claims he had already shown indigence in the trial court and the Ohio Supreme Court had allowed him to file for mandamus *in forma pauperis*.  But the federal constitutional law requiring appointment of counsel for indigent appellants does not require any individual court to accept another court's finding of indigence at a different time and in a different proceeding or stage of the same proceeding.

Petitioner does not dispute that he failed to file an appellate brief.  He does not dispute the lawfulness of the appellate brief requirement.  He does not dispute his failure to fill out the required proof of indigence.  He does not dispute that the rule requiring an appellate brief was enforced against him.  The original Report contains findings, undisputed by Petitioner, of all the elements required for procedural default by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Petitioner has not shown excusing cause and prejudice to overcome his procedural default.

**Actual Innocence**

As an alternative to excusing cause and prejudice, a habeas petitioner may prove that he is actually innocent of the offense of which he has been convicted.  *Schlup v. Delo,* 513 U.S. 298, 316 (1995); *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005).  As proof of actual innocence, however, a habeas petitioner must present new evidence that was not heard by the jury.  *Schlup, supra.*

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."

3

*Souter* at 590, quoting *Schlup*, 513 U.S. at 324.

To fulfill this requirement, Mr. Rankin relies on the Affidavit of Karla Rankin, a purported eyewitness to the exchange between Petitioner and the complaining witness that Rankin claims supports his understanding of their agreement about the child remaining an extra day with Mr. Rankin.  Ms. Rankin's affidavit was excluded at trial because it is hearsay and therefore inadmissible in evidence under Ohio R. Evid. 802.  It is not new in the sense intended in *Schlup* because Ms. Rankin's perception of what happened existed and was known to Petitioner at the time of trial, but was not presented to the jury because of an alleged hardship for Ms. Rankin to get from Kentucky to Adams County.

In sum, Petitioner has not proven his actual innocence to the degree required by *Schlup*.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 16, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.