# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN RANKIN,

        Petitioner,  :       Case No. 1:25-cv-00612

  - vs -        District Judge Susan J. Dlott
                Magistrate Judge Michael R. Merz

KENNETH W. DICK,
  Sheriff, Adams County, Ohio,

        :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Bryan Rankin pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 36) to the Magistrate Judge's Supplemental Report and Recommendations recommending dismissal of the Petition and denial of Petitioner's Motion for Preliminary Injunction (the "Supplemental Report," ECF No. 34). The Magistrate Judge filed the Supplemental Report as the result of a recommittal because his original Report and Recommendations ("Report," ECF No. 30) had also drawn objections.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report and Supplemental Report *de novo* with particular attention to those portions objected to by Petitioner.

1

**Litigation History**

The Report recites the following history of the underlying litigation. Petitioner has not objected to the accuracy of that history and the Court accordingly adopts it as follows:

> Petitioner Bryan Rankin, a resident of Kentucky, fathered a child with Amy Mahaffey, an Ohio resident. The volatility of their relationship reached a point where Ms. Mahaffey recommended Rankin obtain a parenting order from the Adams County, Ohio, juvenile court.
>
> When that court issued the order, it made Ms. Mahaffey the residential parent, subject to visitation rights in Mr. Rankin. The parenting order was subject to modification on agreement of the parties. The instant case arises out of their dispute of whether Ms. Mahaffey had agreed to allow Mr. Rankin custody of their daughter on July 31, 2023. When Mr. Rankin did not surrender custody on that date, Ms. Mahaffey sought assistance from the Sheriff of Adams County.
>
> This case commenced with the filing of a criminal complaint charging Mr. Rankin with interference with custody in violation of Ohio Revised Code § Section 2919.23 (A)(l), a misdemeanor of the first degree under Ohio law, carrying a maximum penalty of 180 days in jail and a fine of $1,000 (State Court Record, ECF No. 16, Ex. 3). The Complaint was filed August 16, 2023, and apparently was not accompanied by an arrest warrant in that Mr. Rankin appeared for arraignment on September 11, 2023. *Id.* at Ex. 51. The case was assigned to Adams County Court Judge Roy E. Gabbert, Jr., who presided throughout. Judge Gabbert advised Mr. Rankin of his right to counsel, but Rankin declined (Transcript, State Court Record, ECF No. 16, PageID 111). Mr. Rankin failed to appear for a pretrial conference on December 7, 2023. *Id.* at PageID 141. Judge Gabbert issued a bench warrant which he later withdrew at the next pretrial conference on December 21, 2023. *Id.* at Ex. 8. Mr. Rankin again declined appointment of counsel and a proffered plea bargain for a minor misdemeanor on which Judge Gabbert projected a likely fine of $25.00.
>
> A final pre-trial hearing was set for April 2, 2024, but Mr. Rankin filed an Affidavit of Disqualification as to Judge Gabbert (State Court Record, ECF No. 16, Exs. 11 and 12). After that and several more Affidavits of Disqualification were denied by the Ohio Chief Justice, the case proceeded to jury trial on June 20, 2024, with Mr. Rankin still refusing appointment of counsel. Mr. Rankin was

> convicted as charged (Transcript of Jury Trial, State Court Record, ECF No. 16, Ex. 19). On July 25, 2024, he was sentenced to 180 days imprisonment with sixty days suspended. *Id.* at Ex. 23. Judge Gabbert then stayed execution of the sentence pending appeal. *Id.* at Ex. 26.
>
> After appealing to the Fourth District Court of Appeals, Mr. Rankin filed a document he captioned "Memorandum Supporting Appeal Errors, but not an appellate brief. *Id.* at Ex. 27. That court, through a Magistrate, ordered him to show cause why his appeal should not be dismissed for failure to file a brief. *Id.* at Ex. 30. In response Mr. Rankin asked for appointment of counsel, but refused to complete an application showing indigency in the form required by Ohio appellate courts. *Id.* Exs. 33, 34. Eventually the Fourth District dismissed the appeal for failure to file a brief. *Id.* at Ex. 36. Mr. Rankin sought review in the Ohio Supreme Court, but that court declined to exercise jurisdiction. *Id.* at Ex. 40.

(Report, ECF No. 30, PageID 997-98, corrected and slightly modified). The Ohio Supreme Court declined jurisdiction May 27, 2025, and Mr. Rankin began service of his sentence in the Adams County Jail. He filed his Petition in this Court on June 2, 2025[1].

Petitioner pleads the following Grounds for Relief:

> **Ground One:** States witness [Ms. Mahaffey] committed perjury 3 times knowingly. This interferes with right to fair tribunal under due process clause in the 14th Amendment.
>
> **Supporting Facts:** The states witness perjured her testimony and the state knew she was going to do this. The states witness agreed in writing to allow petitioner to keep his daughter on one specific day and the visitation order permits arranged agreements outside the court order. In another case the witness stated under oath she no longer had the phone that contained certain text (evidence) during the trial she told the jury that she did still have the phone. This is a knowingly false statement. In another statement the states witness claimed she never made an arrangement with the petitioner and the proof shows this is false as it does the other statements.
>
> **Ground Two:** In this criminal case at the trial, sentencing, and on appeal the petitioner was not granted any counsel. This is an obvious violation of the 6th Amendment.

---

[1] The Petition indicates it was signed May 28, 2025, but gives no date for deposit in the Adams County Jail mail.

3

>**Supporting Facts:** The petitioner never waived his rights to court appointed counsel in the criminal proceedings. Rankin did decline counsel before trial for purposes of trial but not knowingly and intelligently. Rankin was not aware of the state of Ohio taking advantage and during trial offering evidence of Rankins religion & prohibited acts as well as having to dispute perjured testimony that the judge would not let me offer evidence to refute such instances. Rankin asked for counsel on appeal but did not receive counsel and unfortunately his appeal was dismissed not on the merits. Federal law requires a defendant not to serve jail time for misdemeanor when the defendant request for counsel but did not receive counsel.
>
>**Ground Three:** Deprivation of 1st amendment & RF [Religious Freedom] restoration Act 1993.
>
>**Supporting Facts:** The state's goal was to flame the passions of the jury in order to acquire a conviction by involving the petitioners religion that had absolutely zero relevance to the situation that was being argued. The state told the jury my religion was extreme as if it had anything to do with the interference with custody. The state of Ohio knew that a conviction was not leasable unless this trial was prejudiced towards the petitioner. They made me out to be a cult leader to prove interference with custody for 1 day that the witness agreed to in writing.
>
>**Ground Four:** Violation of the 4th amendment, no warrant shall be issued unless supported by probable cause.
>
>**Supporting Facts:** In this case there was no proper prefiling investigation completed before issuing the warrant to bring the petitioner to court proceedings over the matter of interference with custody. The petitioner and the states witness have a court order permitting agreed arrangements outside the court order. The states witness agreed to the 1 specific day at dispute. This agreement will be attached to this petition and or preliminary injunction. This is the arrangement made & authenticated by the states witness. The state had no probable cause to bring these charges against the petitioner if you consider the court visitation order & the agreement made by the states witness. This bring dangers to children and sound parents who follow the court order & agreements made by the domestic courts.

(Petition, ECF No. 1, PageID 5-10).

Respondent reports Mr. Rankin

4

> was released from the Adams County Jail on January 21, 2026. At a court appearance on January 15, 2026, Petitioner agreed to sign the terms of probation reducing his 180-day sentence to a term of incarceration of 120 days followed by 60 days of probation.

(Notice to the Court, ECF No. 35).

Mr. Rankin's release does not render this case moot because he remains on probation which is sufficient custody to support habeas corpus jurisdiction. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969). "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Nian v. Warden*, 994 F.3d 746 (6th Cir. 2021), quoting *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).

## Analysis

Respondent asserted that all four of these claims were barred by Mr. Rankin's failure to fairly present them to the state courts. The Magistrate Judge accepted that defense and recommends dismissal of all of Petitioner's claims because he procedurally defaulted in presenting them to the Fourth District Court of Appeals (Report, ECF No. 30). Petitioner asserts his procedural defaults are excused either by a showing of cause and prejudice or a showing of actual innocence.

**Cause and Prejudice**

The Ohio Fourth District Court of Appeals dismissed Mr. Rankin's direct appeal because

5

he did not file an appellate brief. He claims his failure is excused by that court's refusal to appoint counsel to represent him. However, that court made appointment of counsel contingent upon his completing the court's standard form for proof of indigency. Mr. Rankin refused to complete the form because he claimed the record already showed in other ways that he was indigent. The Magistrate Judge rejected this argument, holding

> [N]o court is obliged to accept an appellant's mere assertion he is too poor to afford counsel. Instead of completing the proof required by the Fourth District, Mr. Rankin insisted that the fact his trial transcript had been furnished without cost was enough and he refused to conform when told it was not. Mr. Rankin has not shown the form was overly burdensome or that he was required to file it when others were not.

(Report, ECF No. 30, PageID 1002).

The record supports the Magistrate Judge's findings of fact on this point. The Ohio rules requiring a brief on appeal and proof of indigency in a certain form to qualify for appointed counsel meet the Sixth Circuit requirements for procedural default in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986): there are relevant state procedural rules which were enforced against Mr. Rankin. They are independent of federal law and protect valid state interests in adequate appellate briefing and proper proof of indigency. The Court concludes Mr. Rankin has not shown excusing cause and prejudice.

**Actual Innocence**

Mr. Rankin also contends his procedural default is excused because he is actually innocent of interfering with Ms. Mahaffey's custody of their child. The Magistrate Judge rejected this argument, concluding "Mr. Rankin's actual innocence claim consists of rearguing the merits of his

custody claim. This is not new evidence, but is a reargument of the evidence presented to the jury on which he lost." (Report, ECF No. 30, PageID 1003). Mr. Rankin objected that he had presented new evidence, but the Magistrate Judge rejected this submission, concluding:

> To fulfill this requirement, Mr. Rankin relies on the Affidavit of Karla Rankin, a purported eyewitness to the exchange between Petitioner and the complaining witness that Rankin claims supports his understanding of their agreement about the child remaining an extra day with Mr. Rankin. Ms. Rankin's affidavit was excluded at trial because it is hearsay and therefore inadmissible in evidence under Ohio R. Evid. 802. It is not new in the sense intended in *Schlup* because Ms. Rankin's perception of what happened existed and was known to Petitioner at the time of trial, but was not presented to the jury because of an alleged hardship for Ms. Rankin to get from Kentucky to Adams County.

(Supplemental Report, ECF No. 34, PageID 1017).

In his latest Objections, Mr. Rankin again relies on the Karla Rankin Affidavit, but gives no record reference to where it can be found. He claims it is not hearsay, but it was excluded on that basis and an affidavit is classic hearsay: an out-of-court statement offered to prove the truth of its contents. Mr. Rankin claims that Karla Rankin would now be willing to testify at an evidentiary hearing, but in deciding whether the Ohio courts violated Petitioner's constitutional rights this Court is limited to the record created in the state courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson,* 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese,* 974 F.3d 638, 647 (6th Cir. 2020).

Making an "actual innocence" claim does not entitle a habeas petitioner to re-try his or her case. In this case Mr. Rankin's interpretation of the agreement he had with Ms. Mahaffey to alter for one day the parenting order was fully presented to the jury and they did not accept his interpretation. Mr. Rankin has not provided a basis for overturning the jury's conclusion.

7

Therefore the Magistrate Judge's Reports are adopted and Mr. Rankin's Objections are overruled. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Dated Jan 28, 2026

Susan J. Dlott
United States District Judge